UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ZUFFA, LLC, | Case No. 2:20-CV-2032 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| DOE DEFENDANT (UNKNOWN REGISTRANT OF UFCFIGHTPASS.NET), | |
| Defendant(s). | |

Presently before the court is the matter of *Zuffa, LLC v. Doe Defendant (Unknown Registrant of ufcfightpass.net)*, case number 2:20-cv-02032-JCM-VCF.

On November 4, 2020, plaintiff Zuffa, LLC ("Zuffa") initiated the instant suit against a Doe defendant, the unknown registrant of an allegedly infringing website, ufcfightpass.*net*. (ECF No. 1). Plaintiff operates the website, ufcfightpass.*com*. (*Id.*). Plaintiff's complaint alleges that an unknown individual is running ufcfightpass.net in an intentionally and harmfully misleading manner. (*Id.*). Indeed, the websites in question are nearly identical. (*Id.*).

Plaintiff has moved for a temporary restraining order and preliminary injunction. (ECF Nos. 4, 5). Among plaintiff's requests is "an order requiring the registrar and/or privacy service to unmask and reveal Defendant's actual identity, including all contact information provided by Defendant to register the <ufcfightpass.net> domain name so the case may proceed against an actual named Defendant." (ECF No. 4). In other words, plaintiff asks this court to order non-parties to tell plaintiff who to sue.

This request reveals a deep flaw in plaintiff's suit, and its briefing on this issue reveals little on why this court should allow the case to proceed. As plaintiff acknowledges, courts

**James C. Mahan**
**U.S. District Judge**

1  "prefer to adjudicate matters involving actual persons rather than 'Doe' defendants." (ECF No. 4). For this court, adjudication against actual persons is not a mere preference. It is a requirement.

Plaintiff has brought this case against *only* a fictitious defendant, an unknown individual who is running ufcfightpass.net. This court and circuit have expressly disapproved of this practice. *See Craig v. United States*, 413 F.2d 854, 856 (9th Cir. 1969) ("There is no provision in the federal statutes or Federal Rules of Civil Procedure either authorizing or expressly prohibiting the use of fictitious parties." ); *Tolefree v. Ritz*, 382 F.2d 566, 567 (9th Cir. 1967) ("[This case] was also properly dismissed as to the fictitious defendants. . . . If plaintiff later ascertains the names of additional persons he wishes to join as defendants, the Federal Rules of Civil Procedure provide a way of doing so."); *Sigurdson v. Del Guercio*, 241 F.2d 480, 482 (9th Cir. 1956) ("It is inviting disaster to . . . allow fictitious persons to remain defendants if the complaint is still of record. Appropriate action has been taken by the trial court on its own motion in some such cases."); *see also Graziose v. Am. Home Prod. Corp.*, 202 F.R.D. 638, 643 (D. Nev. 2001) ("'[G]enerally, 'Doe' pleading is improper in federal court. . . . If there are unknown persons or entities, whose role is known, that fact should be expressed in the complaint, but it is unnecessary and improper to include 'Doe' parties in the pleadings.").

District courts are empowered to act on their own discretion to dismiss fictitious defendants. *Id.*; *see also McConnell v. Marine Engineers Beneficial Ass'n Ben. Plans, Dist. 1--Pac. Coast Dist.*, 526 F. Supp. 770, 774 (N.D. Cal. 1981) ("The practice of suing fictitious defendants has been disapproved in this circuit and a district court may act on its own motion in dismissing these unnamed defendants."). Especially where plaintiff has not offered any defendants other than its one fictitious defendant, judicial economy is served by this dismissal; possible procedural uncertainty is evaded.

The factually similar cases proffered by plaintiff make this court more certain of its decision. *See, eg.*, *Hakkasan LV, LLC v. Tsang Hang Wang*, No. 2:13-CV-01122-GMN, 2013 WL 3491178, at *1 (D. Nev. July 10, 2013); *LV Gaming Ventures, LLC v. M Resort Phuket*, No. 2:11-CV-01552-LDG-VCF, 2012 WL 13050871, at *1 (D. Nev. Jan. 31, 2012); *Switch*

**James C. Mahan**
**U.S. District Judge**

- 2 -

*Commc'ns Grp., LLC v. Banks*, No. 2:11-CV-01810-GMN, 2011 WL 5854610, at *1 (D. Nev. Nov. 17, 2011). None of these cases were leveled only against fictitious defendants, nor did courts order non-parties to reveal a defendant's identity. (ECF No. 4). Plaintiff's briefing offers no authority or guidance on this issue. (*Id.*).

Plaintiff cites Federal Rule of Civil Procedure 65 as the reason for why the non-parties are required to comply with an order to divulge the fictitious defendant's identity. (ECF No. 4). Plaintiff's request for an order that non-parties reveals the fictitious defendant's identity is not within that purview of that rule. Plaintiff's also cite an "inherent authority [for courts] to issue provisional remedies." (*Id.* (citing *Future Motion, Inc v. Changzhou First Int'l Trade Co.*, No. 2:16-CV-00013-MMD-CWH, 2016 WL 5844317, at *4 (D. Nev. Oct. 3, 2016))). The "provisional remedy" discussed in Future Motion is not analogous to this issue, and furthermore, it was not granted. 2016 WL 5844317, at *4. In sum, plaintiff brings otherwise straightforward motions for TRO and preliminary injunction but shoehorns a request to require non-parties to divulge information on a fictitious defendant without speaking on the actual processes or authority to do so. As this court has already articulated, dismissal of the fictitious defendant is the most appropriate way forward.

The Doe defendant is hereby dismissed. In light of the lack of remaining defendants in this matter, plaintiff's claims are dismissed. However, this court grants plaintiff leave to amend in order to cure this defect. In the meantime, plaintiff's remaining motions are denied as moot.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's claims against Doe defendant be, and the same hereby are, DISMISSED with leave to amend against an actual, not fictitious, defendant.

IT IS FURTHER ORDERED that plaintiff's motion for temporary restraining order (ECF No. 4) be, and the same hereby is, DENIED as moot.

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

1        IT IS FURTHER ORDERED that plaintiff's motion for preliminary injunction (ECF No.
2 5) be, and the same hereby is, DENIED as moot.
3        DATED November 6, 2020.

_____
UNITED STATES DISTRICT JUDGE